■ SANDRA ARGENIO, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [716 NYS2d 657] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 20, 2000, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On November 18, 1997, at 8:20 A.M., plaintiff Sandra Argenio, then 61 years old, fell inside Grand Central Terminal, shortly after alighting from a commuter train. She testified that, as she traversed a walkway that she had taken many times over the past 10 years on her way to work, her toe became caught in a depression in the floor, causing her to fall forward. Plaintiff sustained fractures of the right wrist, radius and ulna, requiring several surgeries, and subsequently developed reflex sympathetic dystrophy, a chronic nerve disorder precipitated by the fall. In this action, plaintiff alleges that defendants, owners of the property, were negligent in failing to properly maintain the area in which she fell.

Defendants sought summary judgment dismissing the complaint. The moving papers contended that the depression that allegedly caused plaintiff to fall was trivial and did not constitute a dangerous condition, trap or snare so as to be actionable as a matter of law. In opposition, plaintiff submitted the affidavit of an expert witness stating that the defect—2 inches wide, 2 inches long, and one-quarter inch deep—was of sufficient size to entrap the toe of the sneaker worn by plaintiff; that the depression was larger than most defects in the area that had been repaired; and that defendants' failure to maintain the floor in good repair was the sole cause of plaintiff's injury.

In granting the motion, Supreme Court acknowledged that the question of whether a condition upon premises under the control of a defendant is sufficiently hazardous to create liability is generally a question to be resolved by the jury on the facts particular to the case (citing *Trincere v County of Suffolk*,

90 NY2d 976, 977). However, the court continued, this is an instance where "the trivial nature of the defect may loom larger than another element" (id.), warranting summary disposition as a matter of law. Considering "the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury," (supra, at 978, quoting Caldwell v Village of Island Park, 304 NY 268, 274), the court found that the alleged defect possessed none of the characteristics of a trap or snare.

There is no per se rule with respect to the dimensions of a defect that will give rise to liability on the part of a landowner or other party in control of premises (Herrera v City of New York, 262 AD2d 120, citing Trincere v County of Suffolk, supra), and even a trivial defect may constitute a snare or trap (id., citing Rivera v 2300 X-tra Wholesalers, 239 AD2d 268). While a gradual, shallow depression is generally regarded as trivial (Santiago v United Artists Communications, 263 AD2d 407; Figueroa v Haven Plaza Hous. Dev. Fund, 247 AD2d 210), the presence of an edge which poses a tripping hazard renders the defect nontrivial (Nin v Bernard, 257 AD2d 417, 417-418). Furthermore, factors which make the defect difficult to detect present a situation in which an assessment of the hazard in view of "the peculiar facts and circumstances" is appropriate (Schechtman v Lappin, 161 AD2d 118, 121; see also, Trincere v County of Suffolk, supra, at 977).

This matter raises factual questions and is not amenable to summary resolution. In addition to the affidavit of plaintiff's expert witness, stating that the defect constitutes a tripping hazard, plaintiff testified that she was looking straight ahead as she walked and that "[t]here were many people around me." The location of the depression in a heavily traveled pedestrian walkway renders observation of the defect less likely (Slate v Fredonia Cent. School Dist., 256 AD2d 1210, 1210-1211 [defect "not readily observable under normal conditions"]; Tesak v Marine Midland Bank, 254 AD2d 717, 718 ["attention would be drawn to the door, not to the sidewalk"]). Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.