■ CAROLYN A. McKENZIE et al., Appellants, v CROSSROADS ARENA, LLC, Respondent. [738 NYS2d 779] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered January 12, 2001, which granted defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Carolyn A. McKenzie (plaintiff) when she tripped and fell on the sidewalk outside defendant's arena. Plaintiffs allege that the accident was the result of a three-quarter-inch difference in height between adjacent slabs of concrete, which caused plaintiff to catch her foot and fall forward. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint on the ground that the alleged defect in the sidewalk is too trivial to be actionable. Defendant's liability does not turn upon the dimensions of the alleged defect (*see, Trincere v County of Suffolk,* 90 NY2d 976, 977; *Nin v Bernard,* 257 AD2d 417). Rather, "[w]hether a particular height difference between sidewalk slabs constitutes a dangerous or defective condition depends upon the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circum-

stances of the injury" (*Tesak v Marine Midland Bank*, 254 AD2d 717, 717-718, citing *Trincere v County of Suffolk, supra* at 977-978). Upon consideration of the facts and circumstances of this case, we cannot conclude that the defect is trivial as a matter of law. According to the deposition testimony of plaintiffs and their children, the difference in height between the concrete slabs was not gradual but abrupt, thereby posing a tripping hazard (*see, Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166; *Nin v Bernard, supra* at 417-418). Plaintiffs and their children further testified that the accident occurred in a dimly lit area on a misty night, rendering the alleged defect difficult to detect (*see, Argenio v Metropolitan Transp. Auth., supra* at 166). Thus, there is a triable issue of fact whether the alleged condition of the sidewalk constituted a dangerous or defective condition (*see, Denmark v Wal-Mart Stores*, 266 AD2d 776, 777; *Nin v Bernard, supra* at 417-418). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.