■ LINDA SAVAGE et al., Respondents, v CITY OF BUFFALO, Appellant, BUFFALO PLACE, INC., et al., Respondents, et al., Defendant. [753 NYS2d 776] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered February 22, 2002, which, inter alia, denied the motion of defendant City of Buffalo for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Linda Savage (plaintiff) when she tripped and fell while walking across a four-foot-square metal plate covering a four-foot-deep hole in the public sidewalk in defendant City of Buffalo (City). Plaintiff allegedly tripped on the sidewalk, which was an inch or two higher than the metal plate.

Supreme Court properly denied the motion of the City seeking summary judgment dismissing the complaint and cross claims against it on the ground that it did not have notice of the tripping hazard as required by the City Charter. The City failed to meet its initial burden of showing that it did not affirmatively create the hazard and thus failed to establish its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Rather, the City's own submissions indicate there is an issue of fact whether the City installed the metal plate properly and thus whether the notice provision of the City Charter is applicable (*see Kiernan v Thompson,* 73 NY2d 840, 841-842; *Sorrento v. Duff,* 261 AD2d 919; *Toohey v Town of Brunswick,* 191 AD2d 858, 858-859).

We reject the City's contention that the tripping hazard is too trivial as a matter of law to be actionable (*see McKenzie v Crossroads Arena,* 291 AD2d 860, 860-861, *lv dismissed* 98 NY2d 647; *Nin v Bernard,* 257 AD2d 417, 417-418; *see also Argenio v Metropolitan Transp. Auth.,* 277 AD2d 165, 166). We further conclude that the court properly granted that part of the motion of defendant Niagara Frontier Transportation Authority seeking summary judgment dismissing the City's cross claim against it for contribution (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603-604). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.