■ ROSA POLO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [757 NYS2d 9] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered

June 25, 2001, which, inter alia, denied the cross motion of defendant New York City Housing Authority for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Any deficiency in plaintiff's notice of claim does not warrant dismissal since defendant Housing Authority did, in fact, investigate the precise location of the accident and therefore suffered no prejudice attributable to the complained-of deficiency (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 892 [1994]; *see also Brown v City of New York*, 95 NY2d 389, 392 [2000]).

Plaintiff's testimony that she tripped on steps, coupled with the photograph depicting the defective step, provide sufficient evidence from which a jury could readily infer that the chipped step was a substantial cause of her fall (*see Hecker v New York City Hous. Auth.*, 245 AD2d 131 [1997]). The fair import of plaintiff's testimony is that the step depicted in the photograph was in substantially the same condition as it was on the date of the accident. The condition, as depicted in the photograph taken one day after the accident, permitted an inference that it came into being over a period of time sufficiently lengthy that defendant should have known of and corrected it (*see Taylor v New York City Tr. Auth.*, 48 NY2d 903, 904 [1979]; *Hecker, supra*). Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.