■ SUSAN ALEXANDER, Appellant, v NEW YORK CITY TRANSIT, Defendant, and MANHATTAN MALL, LLC, et al., Respondents. MANHATTAN MALL, LLC, Third-Party Plaintiff-Respondent, v ONESOURCE FACILITIES SERVICES, INC., Third-Party Defendant-Appellant. [824 NYS2d 262]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered July 15, 2005, which granted defendant and third-party plaintiff Manhattan Mall's motion for summary judgment dismissing plaintiff's complaint and all cross claims interposed against it, unanimously reversed, on the law, without costs, the motion denied and the complaint and cross claims reinstated.

This is a personal injury action in which plaintiff claims that she was injured when, while descending a stairway leading from the Manhattan Mall to the 34th Street subway station, her foot got caught in a hole in the tile floor on a landing, causing her ankle to twist. Plaintiff maintains that she lost her balance as a result, and fell down an entire set of steps. Manhattan Mall (the Mall) owns the premises in question, and had contracted with defendant, third-party defendant OneSource Facilities Services, Inc. for certain custodial services as discussed in the "Manhattan Mall Janitorial Housekeeping Specifications." The Mall, at the close of discovery, moved for summary judgment for contractual indemnification against OneSource, against which it had commenced a third-party action, or, in the alternative, dismissing the complaint and all cross claims.

The motion court, in a brief opinion which is devoid of any analysis, held, in the decretal paragraph, that "[f]or the reasons stated Manhattan Mall's motion for summary judgment is

granted dismissing the complaint and all cross claims," which would appear to indicate that the court was granting the alternative relief. The motion court, however, also opined in the "body" of its decision that "OneSource contracted with the owner Manhattan Mall to defend, indemnify and hold harmless. . . . OneSource was also supposed to assume the defense of Manhattan Mall." It is unclear if the foregoing was intended to act as a declaration that OneSource has a duty to defend and indemnify the Mall pursuant to the provisions of the contract, although the decretal gives no indication that any relief was granted in the third-party action. In any event, plaintiff and OneSource appeal and we now reverse.

It is well established that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including the likelihood of injury to a third party, the potential that such injury would be of a serious nature, and the burden of avoiding such risk (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 141-142 [2000]). In order to subject a property owner to liability for an alleged breach of this duty, the plaintiff must demonstrate that the owner created, or had actual or constructive notice of the hazardous condition which precipitated the injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Zuk v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 275 [2005]). "Liability based on constructive notice may only be imposed where a defect is visible and apparent and has existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Espinal v New York City Hous. Auth.*, 215 AD2d 281, 281 [1995]; *see also Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 62 [2006]). Moreover, there is no per se rule with regard to the dimensions of a defect that will give rise to liability, and the issue of whether a dangerous or defective condition exists which is sufficiently hazardous to create liability is generally a question of fact, to be resolved by a jury, on the facts particular to the case (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 165-166 [2000]).

In the matter before us, plaintiff's expert witness, whose affidavit is the only evidence that bears on how long the defect existed, stated that based on an examination of the remaining tile on the landing, it was clear that the defect had existed for a considerable length of time prior to the accident, and was large enough for the average person's foot to get caught in. Plaintiff's friend, who was with her at the time of the accident, submitted

an affidavit in which he verified plaintiff's version of the incident, and photographs of the broken tile depict a defect that has sufficient depth, width and irregularity to raise, at the least, a question of fact that this was not a suddenly created condition and that knowledge could have been acquired by defendant in the exercise of reasonable care (*Taylor v New York City Tr. Auth.*, 48 NY2d 903, 904 [1979]; *Polo v New York City Hous. Auth.*, 303 AD2d 238, 239 [2003]). Accordingly, issues of fact exist as to whether the Mall had constructive notice of the condition, and whether such condition was sufficiently hazardous to impose liability, which issues preclude summary disposition of this matter.

Likewise, with regard to the issue of whether OneSource is contractually obligated to indemnify the Mall, issues of fact exist concerning whether either entity was negligent and, if so, whether such negligence falls within the scope of the contract (*see generally Williams v 461 Eighth Ave. Assoc.*, 277 AD2d 181 [2000]; *Barnes v DeFoe/Halmar*, 271 AD2d 387 [2000]). Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.