■ ADA CUEBAS, Individually and as Parent and Natural Guardian of ADALIS DAVILA, Respondent, v BUFFALO MOTOR LODGE/BEST VALUE INN, Appellant. [865 NYS2d 184]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered September 14, 2007 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries

sustained by her daughter when she tripped and fell on a sidewalk leading to the door of defendant's premises. According to plaintiff, her daughter caught her foot between sidewalk slabs with a height differential of approximately one inch, which caused her to fall forward into a glass window adjacent to the door. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "Whether a particular height difference between sidewalk slabs constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury" (*Tesak v Marine Midland Bank*, 254 AD2d 717, 717-718 [1998]; *see generally Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). Based on the record before us, we conclude that defendant failed to meet its burden of establishing as a matter of law that the alleged defect "was too trivial to constitute a dangerous or defective condition" (*Schaaf v Pork Chop, Inc.*, 24 AD3d 1277, 1278 [2005]; *see Stewart v 7-Eleven, Inc.*, 302 AD2d 881 [2003]; *McKenzie v Crossroads Arena*, 291 AD2d 860, 861 [2002], *lv dismissed* 98 NY2d 647 [2002]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Lunn, JJ.