DALE SEIVERT et al., Respondents, v KINGPIN ENTERPRISES, INC., Appellant. [865 NYS2d 187]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 19, 2007 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, insofar as the complaint may be deemed to allege that defendant had actual notice of the alleged defect and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Mary Beth Seivert (plaintiff) when she allegedly tripped and fell while leaving a bowling alley owned by defendant. According to plaintiffs, plaintiff's foot became caught on the metal nosing on the step by the entrance to the bowling alley because the nosing was not flush with the step. Contrary to the contention of defendant, Supreme Court properly denied its motion for summary judgment dismissing

the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that there was a defect caused by defendant's negligence, inasmuch as defendant failed to meet its initial burden in that respect. Contrary to defendant's contention, the deposition testimony of plaintiff and a witness concerning the cause of plaintiff's fall, submitted by defendant in support of its motion, was not mere speculation (*see generally Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594, 595-596 [2007]) and, in any event, defendant cannot establish its entitlement to summary judgment dismissing the complaint by noting alleged gaps in plaintiffs' proof (*see generally Orcutt v American Linen Supply Co.*, 212 AD2d 979 [1995]). Contrary to defendant's further contention, the alleged defect was not so trivial as to be nonactionable as a matter of law. "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]). Indeed, we conclude that, by its own submissions, defendant raised a triable issue of fact whether the one-eighth-inch gap between the nosing, which is less than half an inch thick, and the step constituted a dangerous or defective condition (*see Nin v Bernard,* 257 AD2d 417, 417-418 [1999]).

Insofar as the complaint, as amplified by the bill of particulars, may be deemed to allege that defendant had actual or constructive notice of the defect or created it, defendant met its burden only with respect to actual notice (*see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.,* 15 AD3d 857 [2005]), and we therefore modify the order accordingly. Defendant does not address the issue whether it created the defect and, with respect to constructive notice, there is an issue of fact precluding summary judgment. Defendant submitted the deposition testimony of a witness who testified that she observed a "pretty wide opening" between the nosing and the step and could tell that the screws needed to hold the nosing in place were either missing or loose. Thus, defendant's own submissions raised a triable issue of fact "whether the defect was discoverable by reasonable inspection" (*Martinez v White Cottage Enters.,* 2 AD3d 506, 507 [2003]). In addition, because defendant failed to establish as a matter of law that the defect did not exist for a sufficient period of time to allow defendant to discover and remedy it, there is an issue of fact whether "this was not a suddenly created condition and that knowledge could have been acquired by defendant in the exercise of reasonable care" (*Alexander v New York City Tr.,* 34 AD3d 312, 314 [2006]).

Because defendant failed to meet its initial burden, we do not

examine the sufficiency of plaintiffs' opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.