■ PATRICIA TULLY, Appellant, v ANDERSON's FROZEN CUSTARD, INC., Respondent. (Appeal No. 1.) [908 NYS2d 380]—Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered August 17, 2009 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered December 23, 2009 in a personal

injury action. The order, insofar as appealed from, upon reargument adhered to the court's determination granting the motion of defendant for summary judgment and dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly tripped and fell in a parking lot owned by defendant. According to plaintiff, after she had purchased ice cream at defendant's business and was returning to her vehicle, she stepped into "a depression in the pavement" of the parking lot and fell. We agree with plaintiff that Supreme Court, upon granting the motion of plaintiff for leave to reargue her opposition to defendant's motion seeking summary judgment dismissing the complaint, erred in adhering to its prior determination granting defendant's motion. "Based on the record before us, we conclude that defendant failed to meet its burden of establishing as a matter of law that the alleged defect 'was too trivial to constitute a dangerous or defective condition' " (*Cuebas v Buffalo Motor Lodge/Best Value Inn*, 55 AD3d 1361, 1362 [2008]; *see Stewart v 7-Eleven, Inc.*, 302 AD2d 881 [2003]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]), and we conclude under the circumstances of this case that there is an issue of fact whether the alleged defect is indeed actionable. We note in any event the well-established principle that a defendant cannot establish its entitlement to summary judgment dismissing the complaint by pointing to alleged gaps in the plaintiff's proof (*see generally Orcutt v American Linen Supply Co.*, 212 AD2d 979 [1995]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.