# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

733

CA 11-00137

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND GORSKI, JJ.

---

ESTELLE GAFTER, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BUFFALO MEDICAL GROUP, P.C. AND TOWN OF AMHERST
INDUSTRIAL DEVELOPMENT AGENCY,
DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (MICHAEL L. AMODEO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered July 15, 2010 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly tripped and fell on the sidewalk in front of property owned by defendant Town of Amherst Industrial Development Agency and leased by defendant Buffalo Medical Group, P.C. According to plaintiff, her toe hit the divider between cement slabs, causing her to fall and sustain injuries. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. " 'Whether a particular height difference between sidewalk slabs constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury' " (*Cuebas v Buffalo Motor Lodge/Best Value Inn*, 55 AD3d 1361, 1362; *see Trincere v County of Suffolk*, 90 NY2d 976, 977-978). "Based on the record before us, we conclude that defendant[s] failed to meet [their] burden of establishing as a matter of law that the alleged defect 'was too trivial to constitute a dangerous or defective condition' " (*Cuebas*, 55 AD3d at 1362; *see Schaaf v Pork Chop, Inc.*, 24 AD3d 1277; *Stewart v 7-Eleven, Inc.*, 302 AD2d 881). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere*, 90 NY2d at 977), and we conclude under the circumstances of this case that there is an issue

of fact whether the alleged defect is indeed actionable.

We further conclude that defendants failed to establish their entitlement to judgment as a matter of law by demonstrating that the cause of the fall was speculative (*see Nolan v Onondaga County*, 61 AD3d 1431; *cf*. *McGill v United Parcel Serv., Inc.*, 53 AD3d 1077). Inasmuch as defendants failed to meet their initial burden on the motion, we need not consider the sufficiency of plaintiff's opposing papers (*see generally Alvarez v Prospect Hosp*., 68 NY2d 320, 324).