# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

734
CA 11-02540
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

BARBARA GERMAIN, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

KOHL'S CORPORATION, KOHL'S DEPARTMENT
STORES, INC., AND KOHL'S NEW YORK D.C., INC.,
ALL DOING BUSINESS AS KOHL'S DEPARTMENT STORES,
DEFENDANTS-RESPONDENTS.

---

THE ROTHSCHILD LAW FIRM, P.C., EAST SYRACUSE (MARTIN J. ROTHSCHILD OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA, LLP, SYRACUSE (CORY A. DECRESENZA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 17, 2011 in a personal injury action. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly tripped and fell on carpeting at defendants' store. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The allegedly defective condition was created by two rugs inside an entrance to defendants' store. The first rug was permanent, inset into the floor and flush with the tile surrounding it. The second rug was seasonal, approximately one-quarter-inch thick, and it was placed on top of the tile floor and adjacent to the permanent rug during inclement weather. The permanent and seasonal rugs were duct taped together at the edge where they met.

Plaintiff testified at her deposition that she tripped and fell on a portion of the duct tape covering the "raised" area or "hump" created by the adjoining rugs. Although plaintiff did not testify with respect to the extent of the height differential between the rugs, plaintiff's friend, who was with plaintiff at the time of the accident and who felt the raised area under the duct tape immediately thereafter, estimated at her deposition that the height differential was one-half of an inch. Defendants' expert engineer measured that

the height differential between the rugs was between five-sixteenths and three-eighths of an inch.  Although plaintiff testified that it felt as though her foot got caught in the duct tape, which, according to plaintiff, was "raised a little" and "wrinkled," plaintiff did not observe the tape before she fell, and she could not recall whether the tape was "pulled up" from the rugs thereafter.  Plaintiff's friend testified that, after the accident, the tape was "still secured to the carpet," was not "raised up or bubbled up" and was not "lifted up or pulled up in any way."  The accident occurred on a sunny day, and plaintiff testified that there were no other customers in the vicinity and that nothing blocked her view of the area in which she was walking.

"After examining the photograph[] depicting the width, depth and irregularity of the defect in the [carpeting], and in view of the time, place and circumstances of plaintiff's injury, we conclude that defendants established as a matter of law that the defect is too trivial to be actionable" (*Sharpe v Ulrich Dev. Co., LLC*, 52 AD3d 1319, 1320; *see e.g. Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d 533, 534; *Trionfero v Vanderhorn*, 6 AD3d 903, 903-904; *cf. Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407).  We further conclude that plaintiff "failed to raise a triable issue of fact whether the alleged defect has the characteristics of a trap, snare or nuisance" (*Gigliotti v St. Stanislaus Kostka R.C. Church*, 261 AD2d 951, 952; *see Trionfero*, 6 AD3d at 904; *Maloid v New York State Elec. & Gas Corp.*, 257 AD2d 712, 713; *cf. McKenzie v Crossroads Arena*, 291 AD2d 860, 861, *lv dismissed* 98 NY2d 647).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court