# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1416**

**CA 12-01121**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, AND VALENTINO, JJ.

---

ELLIOTT C. MCFADDEN AND ARGUSTER MCFADDEN,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

NEW CASTLE HOTEL, LLC, DOING BUSINESS AS
WOODCLIFF HOTEL & SPA, DEFENDANT-APPELLANT.

---

MACDONALD & HAFNER, ESQS., BUFFALO (SHAWN MARTIN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ATTI LAW, P.C., CHEEKTOWAGA (MARK LEWIS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 9, 2012. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Elliott C. McFadden (plaintiff) when he tripped and fell in defendant's hotel and broke his shoulder. Following discovery, defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff was unable to identify the cause of his fall; any defect was trivial and nonactionable; and the absence of a defect in defendant's floor and floor drain eliminated any duty of inspection. Supreme Court properly denied defendant's motion. Even assuming, arguendo, that defendant established as a matter of law that the cause of the fall was speculative (*see Gafter v Buffalo Med. Group, P.C.*, 85 AD3d 1605, 1606), we conclude that plaintiffs raised an issue of fact concerning the cause of the fall by submitting plaintiff's deposition testimony and the accident and incident reports setting forth that plaintiff fell because a grate over a floor drain was lower than the floor. We further conclude on the record before us that "defendant failed to meet its burden of establishing as a matter of law that the alleged defect 'was too trivial to constitute a dangerous or defective condition' " (*Cuebas v Buffalo Motor Lodge/Best Value Inn*, 55 AD3d 1361, 1362; *see generally Trincere v County of Suffolk*, 90 NY2d 976, 977-978; *Gafter*, 85 AD3d at 1605-1606). Indeed, one of defendant's employees acknowledged the presence of a lip on the drain. Finally, inasmuch as there is an issue of fact concerning the existence of a defect, we do not reach

defendant's contention that the absence of a defect eliminated any duty of inspection.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court