# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**258**

**CA 13-01020**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

HELEN LUPA, PLAINTIFF-RESPONDENT,

               V                         MEMORANDUM AND ORDER

CITY OF OSWEGO, DEFENDANT-APPELLANT.

---

BOND, SCHOENECK & KING, PLLC, OSWEGO (DOUGLAS M. MCRAE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (LEIGH A. LIEBERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered March 12, 2013. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when she tripped and fell on the elevated edge of a parking space maintained by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that the defect was trivial as a matter of law. Supreme Court denied the motion, and we affirm.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]; *see Tesak v Marine Midland Bank*, 254 AD2d 717, 717-718). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere*, 90 NY2d at 977). Although, "in some instances, the trivial nature of the defect may loom larger than another element[,] . . . [a] mechanistic disposition of a case based exclusively on the dimension of the [pavement] defect" is inappropriate (*id.* at 977-978). Thus, a determination of whether a particular defect is actionable requires examination of "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*id.* at 978 [internal quotation marks omitted]; *see Tesak*, 254 AD2d at 717-718).

Here, we conclude that defendant failed to meet its initial burden of establishing that the defect was trivial and nonactionable as a matter of law (see *Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766, 767-768; *Gafter v Buffalo Med. Group, P.C.*, 85 AD3d 1605, 1605-1606; *Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407). The photographs submitted in support of defendant's motion depict a lengthy edge in the pavement that was more than two-thirds of an inch deep and spanned the width of the painted walking area adjacent to the designated handicapped parking space (*see Brenner*, 106 AD3d at 767). Defendant also submitted plaintiff's deposition testimony, in which she testified that her right foot caught on "a quite high ledge" in the pavement at the rear of the parking space (*see Gafter*, 85 AD3d at 1605-1606; *Tineo v Parkchester S. Condominium*, 304 AD2d 383, 383). Although defendant characterizes the edge as "a small, rounded lip in the pavement," the photographs depict crumbling asphalt, and the edge appears to be irregular, jagged and abrupt as opposed to gradual (*see Jacobsen v Krumholz*, 41 AD3d 128, 128-129; *McKenzie v Crossroads Arena*, 291 AD2d 860, 860-861, *lv dismissed* 98 NY2d 647; *see generally Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166). Unlike *Squires v County of Orleans* (284 AD2d 990, 990), where the trivial defect involved " 'a small area' " of a " 'cracked and crumbly' " curb that "had no 'measurable depth,' " plaintiff's deposition testimony and the photographs in this case, particularly the photographs depicting the area closest to plaintiff's vehicle, suggest a measurable edge in the pavement that could pose a tripping hazard. Because defendant "failed to meet [its] initial burden on the motion, we need not consider the sufficiency of plaintiff's opposing papers" (*Gafter*, 85 AD3d at 1606; *see Seivert*, 55 AD3d at 1407-1408; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court