# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

403

CA 14-01427

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ANNA GRECO, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT,
BUFFALO PLACE, INC. AND MAIN SENECA
CORPORATION, DEFENDANTS-APPELLANTS.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (C. CHRISTOPHER BRIDGE OF COUNSEL), FOR DEFENDANT-APPELLANT MAIN SENECA CORPORATION.

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-APPELLANT BUFFALO PLACE, INC.

GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 12, 2013 in a personal injury action. The order denied the motion and cross motion of defendants Main Seneca Corporation and Buffalo Place, Inc., respectively, for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell on the elevated edge of a sidewalk slab in front of a building owned by defendant Main Seneca Corporation (Main Seneca) in downtown Buffalo. Defendant Buffalo Place, Inc. (Buffalo Place) provided management and maintenance services for the area where the sidewalk was located pursuant to an agreement with defendant City of Buffalo (City). Main Seneca moved for summary judgment dismissing the complaint on the ground that the defect was trivial and, thus, nonactionable as a matter of law. Buffalo Place cross-moved for summary judgment dismissing the complaint on that same ground, and on the additional ground that it owed no duty of care to plaintiff because it did not own, occupy, control, or make special use of the property at issue. Supreme Court denied the motion and cross motion, and we affirm.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of

fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]; *see Tesak v Marine Midland Bank*, 254 AD2d 717, 717-718). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere*, 90 NY2d at 977). Although "in some instances . . . the trivial nature of the defect may loom larger than another element[,] . . . [a] mechanistic disposition of a case based exclusively on the dimension of the [pavement] defect" is inappropriate (*id.* at 977-978). Thus, a determination whether a particular defect is actionable requires examination of "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*id.* at 978 [internal quotation marks omitted]; *see Tesak*, 254 AD2d at 717-718).

Here, we conclude that Main Seneca and Buffalo Place failed to meet their initial burden of establishing that the defect was trivial and nonactionable as a matter of law, and thus the court properly denied the motion in its entirety and the cross motion to that extent (*see Lupa v City of Oswego*, 117 AD3d 1418, 1419; *Gafter v Buffalo Med. Group, P.C.*, 85 AD3d 1605, 1605-1606; *Cuebas v Buffalo Motor Lodge/Best Value Inn*, 55 AD3d 1361, 1362). The photographs of the alleged defect submitted in support of Main Seneca's motion, and incorporated by reference into Buffalo Place's cross motion, depict between the adjoining sidewalk slabs an abrupt edge that was one-half of an inch to three-quarters of an inch in depth, and which appeared to span a substantial length of the two adjoining slabs (*see Lupa*, 117 AD3d at 1419). In addition, Main Seneca submitted plaintiff's deposition testimony, in which plaintiff testified that her left toe caught on the edge between the sidewalk slabs (*see id.; Gafter*, 85 AD3d at 1605-1606; *see also McKenzie v Crossroads Arena*, 291 AD2d 860, 861, *lv dismissed* 98 NY2d 647). Because defendants failed to meet their initial burdens on their respective motion and cross motion, "we need not consider the sufficiency of plaintiff's opposing papers" (*Gafter*, 85 AD3d at 1606; *see Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407-1408; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We further conclude that the court properly denied that part of Buffalo Place's cross motion seeking dismissal of the complaint on the ground that it owed no duty of care to plaintiff. "[I]t is well settled that [l]iability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises" (*Knight v Realty USA.COM, Inc.*, 96 AD3d 1443, 1444 [internal quotation marks omitted]; *see Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102, 1103). "The existence of one or more of these elements is sufficient to give rise to a duty of care[, but w]here none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property" (*Knight*, 96 AD3d at 1444 [internal quotation marks omitted]). In support of its cross motion, Buffalo Place offered the affidavit of its manager, who averred that, pursuant to its agreement with the City, Buffalo Place was not responsible for repairs involving "capital

improvements" and that plaintiff's "allegations involved capital improvements." Buffalo Place did not address, however, the issue whether, as part of the management and maintenance duties it assumed from the City, it was responsible for warning pedestrians of any hazards in the area it maintained. Nor did Buffalo Place offer any evidence that the alleged defect in the sidewalk could be made safer only by means of a capital improvement. In opposition to the cross motion, plaintiff submitted the agreement between Buffalo Place and the City which provided, in relevant part, that Buffalo Place would "assum[e] certain responsibilities . . . for the management, maintenance[,] and promotion" of an area of Buffalo's downtown known as Buffalo Place, and that, specifically, it would provide "[c]omprehensive maintenance" for Lafayette Square, the area where plaintiff's fall occurred. We therefore conclude on the record before us that there are issues of fact whether Buffalo Place exercised the requisite level of control over the sidewalk sufficient to hold it liable for the presence of a dangerous condition on the property (*see Mesler v PODD LLC*, 89 AD3d 1533, 1536; *Figueroa v Tso*, 251 AD2d 959, 959; *see also Mollino v Ogden & Clarkson Corp.*, 243 NY 450, 455), and whether the contractual obligation of Buffalo Place to provide "comprehensive maintenance" for the area in question created a duty of care extending to plaintiff (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588; *see also Cowsert v Macy's E., Inc.*, 79 AD3d 1319, 1319-1320; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756-757).

Entered: May 8, 2015        Frances E. Cafarell
                    Clerk of the Court