Easley v Mount Olive Baptist Church (2019 NY Slip Op 00784)





Easley v Mount Olive Baptist Church


2019 NY Slip Op 00784


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1366 CA 18-01312

[*1]ROBIN EASLEY, PLAINTIFF-APPELLANT,
v
MOUNT OLIVE BAPTIST CHURCH, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (BETHANY A. RUBIN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 7, 2017. The order granted the motion of defendant Mount Olive Baptist Church for summary judgment and dismissed the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant Mount Olive Baptist Church.
Memorandum: Plaintiff was injured when the heel of her shoe allegedly got caught in a sidewalk crack outside a building in the City of Buffalo owned by defendant-respondent (defendant). Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint against it. We reverse.
Defendant contended on its motion that it lacked constructive notice of the alleged sidewalk defect and that, in any event, the alleged defect was trivial and/or open and obvious. Defendant's moving papers, however, identified triable issues of fact regarding its constructive notice of the alleged defect (see generally Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062 [2d Dept 2010]). Defendant's moving papers also raised triable issues of fact regarding the triviality of the sidewalk's alleged defect (see Gotay v New York City Hous. Auth., 127 AD3d 693, 695-696 [2d Dept 2015]; Seivert v Kingpin Enters., Inc., 55 AD3d 1406, 1407 [4th Dept 2008]; see generally Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-84 [2015]). Moreover, contrary to defendant's contention, " [t]he fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition, but, rather, bears only on the injured person's comparative fault' " (Jaques v Brez Props., LLC, 162 AD3d 1665, 1667 [4th Dept 2018]). We therefore agree with plaintiff that Supreme Court erred in granting defendant's motion.
Plaintiff's remaining contention is academic in light of our determination.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court