Meldrim v Holiday Meadows, LLC (2024 NY Slip Op 01633)

Meldrim v Holiday Meadows, LLC

2024 NY Slip Op 01633

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, AND DELCONTE, JJ.

150 CA 23-01618

[*1]VALERIE MELDRIM AND HARMON MELDRIM, PLAINTIFFS-RESPONDENTS,
v
HOLIDAY MEADOWS, LLC, PILLAR REAL ESTATE INVESTORS, LLC, AND PILLAR REAL ESTATE ADVISORS, LLC, DEFENDANTS-APPELLANTS. 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (RICHARD J. ZIELINSKI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ANDREWS, BERNSTEIN & MARANTO, PLLC, BUFFALO (NORTON T. LOWE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered September 8, 2023. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Valerie Meldrim (plaintiff) was injured when she tripped over the elevated edge of a parking lot at her daughter's apartment complex, which was allegedly obscured by tall grass. Defendants—the owners, operators or maintenance providers at the complex—appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm.
Whether a specific condition " 'constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury' " (Wilson v 100 Carlson Park, LLC, 113 AD3d 1118, 1119 [4th Dept 2014]), and " 'is generally a question of fact for the jury' " (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (id.), and " '[t]he fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition, but, rather, bears only on the injured person's comparative fault' " (Jaques v Brez Props., LLC, 162 AD3d 1665, 1667 [4th Dept 2018]).
Here, we conclude that defendants failed to meet their initial burden of establishing that the allegedly dangerous or defective condition was nonactionable or trivial as a matter of law (see Lupa v City of Oswego, 117 AD3d 1418, 1419 [4th Dept 2014]; Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012]). The photographs and deposition testimony submitted in support of defendants' motion describe a measurable height differential, which plaintiff's daughter testified was approximately three to four inches in depth, between the ground and the pavement edge running along the side of the parking lot that was concealed by long grass. Thus, defendants' own submissions raise a triable issue of fact whether " 'a dangerous or defective condition exist[ed] on [defendants'] property' " (Lupa, 117 AD3d at 1419; see also Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [1st Dept 2000]; Slate v Fredonia Cent. School Dist., 256 AD2d 1210, 1210 [4th Dept 1998]).
In addition, we conclude that defendants failed to meet their initial burden of establishing that they lacked constructive notice of the allegedly dangerous or defective condition as a matter of law (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Deposition testimony submitted in support of defendants' motion suggests that the allegedly dangerous or defective condition was in existence for at least five years prior to plaintiff's accident, during which time the lawn in that area was regularly cut, which raises a triable issue of fact whether the condition was visible and apparent and " 'exist[ed] for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it' " (Keene v Marketplace, 114 AD3d 1313, 1314 [4th Dept 2014]).
Because defendants "failed to meet [their] initial burden on the motion, we need not consider the sufficiency of [plaintiffs'] opposing papers" (Lupa, 117 AD3d at 1419; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court