| |
|---|
| **Yates v City of New York** |
| 2024 NY Slip Op 34150(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157577/2018 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**
                                    *Justice*

| | |
|---|---|
| PART | 05M |

-------------------------------------------------------------------------------X

ANNE K YATES,

                                              Plaintiff,

                         - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, 494 EIGHTH
AVENUE LLC

                                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157577/2018 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106

were read on this motion for                     SUMMARY JUDGMENT                     .

Upon review of the motion and cross-motion for summary judgment and the accompanying affirmations, deposition transcripts, expert reports, and evidence, the court denies both the motion of Defendant 494 Eighth Avenue LLC ("494") for summary judgment and dismissal of Plaintiff Anne K Yates' ("Plaintiff") complaint, as well as Plaintiff's cross-motion for partial summary judgment.

## BACKGROUND

On December 29, 2017, Plaintiff allegedly tripped over a height differential between sidewalk flags adjacent to 494's property, causing her to fall onto a disassembled wooden police barricade on the sidewalk. Plaintiff contends that the defect was a substantial tripping hazard under NYC Administrative Code § 7-210 and that 494 had actual and constructive notice of the condition. Plaintiff's expert report opines that the defect, existing for at least ten months before the accident, was hazardous and a proximate cause of the incident.

494 moves for summary judgment, arguing that the defect was trivial, open and obvious, and not inherently dangerous, and that the barricade—not the sidewalk defect—caused Plaintiff's injuries. Additionally, 494 asserts that it had no control or responsibility for the barricade, which belonged to the New York City Police Department. In opposing Plaintiff's cross-motion, 494 argues that Plaintiff's expert report is speculative and that Plaintiff's statements to medical providers conflict with her deposition testimony, raising issues about the cause of her fall.

Plaintiff cross-moves for summary judgment, asserting that 494 failed to maintain its sidewalk in a reasonably safe condition. She contends that any alleged contradictions in her

**157577/2018   YATES, ANNE K vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 1 of 5**

[* 1]

testimony and medical records do not negate her entitlement to judgment, as 494's notice of the defect and its hazardous condition are undisputed.

## DISCUSSION

Summary judgment is a drastic remedy appropriate only when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law (*see Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The court must view the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in its favor (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). Questions of negligence, proximate cause, and credibility are particularly ill-suited for resolution on summary judgment.

A property owner's duty under NYC Administrative Code § 7-210 includes maintaining abutting sidewalks in a reasonably safe condition. To establish liability, a plaintiff must show that a dangerous condition existed and that the property owner created the condition or had actual or constructive notice of its existence (*Kush v. City of Buffalo*, 59 NY2d 26, 29-30 [1983]).

### A. 494's Motion for Summary Judgment

### 1. Triviality and Dangerousness of the Defect

494 argues that the defect—a height differential less than one inch—is trivial and not actionable under New York law. To determine whether a defect is actionable, courts must assess the size, appearance, location, and surrounding circumstances of the condition (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). While size is a significant factor, it is not dispositive. A small defect may still be actionable if it has the characteristics of a trap or snare, especially in high-traffic areas (*Rivera v 2300 X-tra Wholesalers*, 239 AD2d 268 [1st Dept 1997]).

Plaintiff testified that the height differential was approximately one to 1.5 inches and constituted an abrupt elevation change. Plaintiff's expert, Adam Cassel, opined that the defect posed a substantial tripping hazard under NYC Administrative Code § 19-152. Whether this condition was trivial cannot be resolved on the evidence submitted. 494 has failed to make a prima facie showing that the defect was trivial as a matter of law. While 494's superintendent testified that the defect was less than one inch and not hazardous, this dispute regarding the defect's size and dangerousness must be resolved by a jury.

Further, Plaintiff testified that the sidewalk was crowded at the time of the incident, making the defect less visible. Courts have held that defects may be more hazardous in congested pedestrian areas (*Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165 [1st Dept 2000]). Viewing the evidence in the light most favorable to Plaintiff, the court cannot conclude that the defect was trivial as a matter of law.

### 2. Open and Obvious Condition

494's argument that the defect was open and obvious does not eliminate its duty to maintain the sidewalk in a reasonably safe condition. While an open and obvious condition may affect

**157577/2018   YATES, ANNE K vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 2 of 5**

2 of 5

comparative negligence, it does not relieve a property owner of its duty to maintain the premises in a safe condition (*Saretsky v. 85 Kenmare Realty Corp.*, 85 AD3d 89, 92 [1st Dept 2011]). The crowded nature of the sidewalk and Plaintiff's movement around other pedestrians could have obscured her ability to notice the defect, raising a factual issue as to whether it constituted a hazardous trap or snare (*Argenio v. Metro. Transp. Auth.*, 277 AD2d 165 [1st Dept 2000]).

### 3. Causation

494 contends that the accident was caused by the police barricade, which it did not own or control, rather than the sidewalk defect. Plaintiff's testimony and medical records are inconsistent regarding the cause of her fall. While she testified at her deposition that she tripped on the sidewalk defect and fell onto the barricade, she reported to medical providers immediately after the accident that she tripped over the barricade. These discrepancies present credibility issues that are for the jury to resolve, not the court (*Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439 [1968]).

In addressing Plaintiff's reliance on *Williams v. Alexander* (309 NY 283 [1955]) to argue that the statements in her medical records should be deemed inadmissible because they were not relevant to diagnosis or treatment, the court finds that *Williams* is distinguishable in the present context.

In *Williams*, the Court held that statements made by a patient to a physician were admissible only when pertinent to the diagnosis and treatment of the patient's condition. Statements that serve no such purpose, but instead relate solely to the circumstances of an incident, were deemed inadmissible as they lacked relevance to the medical professional's primary purpose of providing care. In that case, the plaintiff's description of the events leading to his injury was excluded because it bore no relationship to his medical diagnosis or treatment.

Here, however, the statements recorded in Plaintiff's medical records are not offered for the truth of the matter asserted—that Plaintiff fell over a police barricade rather than a sidewalk defect. Instead, they are offered by 494 to challenge Plaintiff's credibility and to raise questions about the causation of her injuries. This distinction is critical. The admissibility of such statements for impeachment or evidentiary purposes falls outside the strict framework of *Williams*.

Moreover, the relevance of the statements to the medical professionals' diagnosis and treatment is not clear-cut. For example, information about whether Plaintiff fell over a barricade or tripped on a sidewalk defect might bear indirectly on the assessment of her injuries, including the force and nature of the fall. Even if not directly pertinent to the specific medical diagnosis, the statements remain part of the contemporaneous record and are properly considered as evidence for purposes of evaluating Plaintiff's credibility.

Plaintiff's reliance on *Williams* to categorically exclude these records is therefore misplaced. Instead, the weight and significance of the statements in the medical records are questions for the jury to evaluate in the context of all other evidence, including Plaintiff's deposition testimony, photographs, and expert report. The court declines to deem the statements inadmissible or to resolve credibility issues at this stage, as doing so would improperly invade the province of the jury and the trial court.

Plaintiff has provided evidence, including marked photographs and her deposition testimony, supporting her claim that the defect contributed to her fall. The court finds that proximate cause is a question of fact for the jury, particularly where, as here, multiple potential contributing factors exist (*Derdiarian v. Felix Contracting Corp.*, 51 NY2d 308, 315 [1980]).

### B. Plaintiff's Cross-Motion for Summary Judgment

**1. Actual and Constructive Notice**

Plaintiff argues that 494 had actual notice of the defect, citing the testimony of its superintendent, who acknowledged observing the defect before the accident. Constructive notice may be established if a defect is visible and existed for a sufficient length of time to permit discovery and remediation (*Gordon v Am. Museum of Natural History*, 67 NY2d 836, 837 [1986]). Plaintiff's expert relied on Google images and photographs to conclude that the defect existed for at least 10 months before the accident.

Plaintiff's cross-motion similarly fails to establish a prima facie entitlement to judgment. Plaintiff contends that 494 had actual and constructive notice of the defect, citing testimony from its superintendent, who admitted observing the condition before the accident. Although Plaintiff's expert opines that the defect existed for at least ten months prior to the incident, the expert's reliance on photographs and Google imagery raises questions about the reliability of this conclusion. Further, while the superintendent's testimony may suggest actual notice, conflicting evidence about the condition's severity and role in the accident creates material issues of fact.

494 challenges the admissibility and reliability of Plaintiff's expert report, which relies on photographs of the site taken after the sidewalk was repaired, asserting it is speculative and conclusory. However, such deficiencies, if any, bear on the report's weight rather than its admissibility (*Fitzgerald v. Sears, Roebuck & Co.*, 17 AD3d 522, 524 [2d Dept 2005]). Questions about the expert's methodology and conclusions are best addressed through cross-examination at trial (*Rosenfeld v. Buntline Specialties, Inc.*, 235 AD2d 524 [2d Dept 1997]).

**2. Proximate Cause**

Plaintiff's claim that the defect was a proximate cause of her injuries is similarly disputed. The inconsistencies in her statements about the accident's cause raise factual issues that preclude summary judgment. Courts have held that proximate cause is generally a question of fact, particularly where evidence supports multiple plausible explanations (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). The court declines to weigh competing evidence or determine whether Plaintiff's testimony is credible, as these determinations are reserved for the factfinder.

For the foregoing reasons, the court finds that neither party has made a prima facie showing of entitlement to summary judgment. Even assuming *arguendo* that either party had satisfied its

**157577/2018   YATES, ANNE K vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 4 of 5**

[* 4]

initial burden, genuine issues of material fact, including the defect's severity, notice, proximate cause, and Plaintiff's credibility, preclude summary resolution.

Accordingly, it is hereby

ORDERED that Defendant 494's motion for summary judgment and dismissal of Plaintiff's complaint is denied; and it is further

ORDERED that Plaintiff's cross-motion for partial summary judgment is denied; and it is further

ORDERED that since the City of New York is no longer a party in this case, the Clerk of Court is directed to transfer this matter to the inventory of a non-City part.

This constitutes the decision and order of the court.

20241126160030HKINGOD6F... 7E1AE4FEE98477A5F01D3CF80

**11/26/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157577/2018   YATES, ANNE K vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 5 of 5**

[* 5]