■ GERTRUDE JACOBSOHN, Appellant, v NEW YORK HOSPITAL, Respondent. (And a Third-Party Action.) [674 NYS2d 291] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered May 8, 1997, which granted defendant-respondent's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action was properly dismissed upon the ground that

plaintiff failed to rebut defendant's prima facie showing that the runner on or over which plaintiff fell, a rug or "walk-off mat", that defendant placed in the entrance to its building in order to reduce the tracking of soil and water into the building, did not constitute a dangerous or defective condition. Such prima facie showing was made out by plaintiff's own deposition testimony that the runner was flat before her fall and that her foot lifted the runner up, causing her fall, and the testimony of an employee, who entered the lobby shortly before plaintiff fell, that the runner was flush to the floor. The testimony of plaintiff's son, who was with her at the time, that a portion of the runner was lifted up against the door or door frame upon his entering the building was properly rejected as irreconcilable with his other testimony that he only noticed the runner after plaintiff fell; in any event, there is nothing to suggest that plaintiff tripped on the portion of the runner that was allegedly raised. Nor are any material issues raised by the fact that the runner was not affixed to the floor with tape or nails. While plaintiff's expert testified that so securing the runner would have prevented it from bunching and sliding and becoming a tripping hazard, there was no evidence, as the IAS Court aptly noted, that plaintiff tripped because the mat had bunched or was raised. We also agree with the IAS Court that the expert's opinion, that it was a departure from proper maintenance practice not to secure the runner to the floor surface, was in any event without probative value, because it was unresponsive to plaintiff's evidence, drawn from the testimony of third-party defendant supplier of the runner, that runners such as the one in question have a heavy, non-skid, rubberized, patterned backing and edge designed to prevent curling, and generally are not secured to the floor surface (*see, Phillips v Northway Mall Assocs.*, 243 AD2d 786). Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.