■ LISA A. LUCIANO et al., Respondents, v NIAGARA FRONTIER VOCATIONAL REHABILITATION CENTER, INC., Appellant. [680

NYS2d 343] —Order unanimously affirmed with costs. Memorandum: Lisa A. Luciano (plaintiff) sustained injuries when her right foot became caught under a floor mat placed in front of an elevator in the Thaddeus J. Dulski Federal Building in Buffalo. Plaintiffs commenced this action against defendant, Niagara Frontier Vocational Rehabilitation Center, Inc. (Niagara), which has a contract with the General Services Administration (GSA) to provide maintenance in the building. Plaintiffs alleged that Niagara was negligent in its care and maintenance of the floor mat, the edge of which was worn and curled. Niagara moved for summary judgment dismissing the complaint on the ground that it was contractually obligated only to clean the floor mats, not to provide or replace them. Niagara further argued that, even if it had a duty to provide or replace the floor mats, the complaint nevertheless should be dismissed because plaintiffs failed to prove that Niagara had either actual or constructive notice of a dangerous condition.

Supreme Court properly denied the motion. The maintenance contract between Niagara and GSA is comprehensive and requires that Niagara employees report hazardous conditions of which they become aware. That provision imposes a duty upon Niagara that runs to third persons like plaintiff, whose presence in the building was foreseeable (*see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589). Niagara failed to establish as a matter of law that it had neither actual nor constructive notice of the condition that caused plaintiff's injury (*cf., Cobrin v County of Monroe*, 212 AD2d 1011, 1012). The failure of Niagara to carry its burden requires the denial of the motion for summary judgment, regardless of the sufficiency of the opposing papers (*see, Ayotte v Gervasio*, 81 NY2d 1062, 1063). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.