■ KELVIN FORDE, Respondent, v COLUMBUS MCKINNON CORPORATION et al., Respondents, and MARKEY INDUSTRIAL SUPPLY, INC., Appellant. (And Third-Party Actions.) [711 NYS2d 460] —In an action to recover damages for personal injuries, the defendant Markey Industrial Supply, Inc., appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated October 13, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 10, 1995, the plaintiff and a co-worker, employees of Consolidated Edison, were attempting to lower a piece of machinery onto a loading platform using a ceiling-mounted

hoist. The hoist extended from a chain and hook. As the machinery was being lowered, it momentarily rested against a railing, which caused the chain to slacken. As a result, the hook disengaged, causing the machinery to fall on the plaintiff, who sustained severe injuries. Subsequently, it was determined that the machine fell off the hoist as a result of a defective hook and the absence of a required safety latch.

The defendant Markey Industrial Supply, Inc. (hereinafter Markey), had contracted with Consolidated Edison to service, inspect, and repair the electric hoists at the premises in question. The contract provided that Markey was to "[p]erform testing, repairs, load chain adjustments and color coding as per OSHA regulation, for chain hoist equipment and repair as required".

Contrary to Markey's contentions, the Supreme Court did not err in denying its motion for summary judgment. In fact, the clear and unambiguous language of the contract establishes that Markey's duties included performing inspections of the hoists in accordance with regulations of the Occupational Safety and Health Administration, i.e., OSHA. Accordingly, Markey can be held liable to the plaintiff for its negligent performance or nonperformance of those duties (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579). Markey failed to establish, as a matter of law, that it performed its duties in a nonnegligent manner. As such, the Supreme Court properly denied its motion for summary judgment (*see, Longo v American Golf Corp.,* 256 AD2d 387; *Luciano v Niagara Frontier Vocational Rehabilitation Ctr.,* 255 AD2d 974; *Crosby v Ogden Servs. Corp.,* 236 AD2d 220). Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.