■ LIESEL LEIB, Appellant, v SILO RESTAURANT, INC., Respondent. [809 NYS2d 185]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated October 26, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she slipped on a mat while exiting the defendant's premises. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

In opposition to the defendant's establishment of its entitlement to judgment as a matter of law, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff failed to allege that there was anything wrong with the mat, and the mere placement of the mat by the front door of the defendant's premises was not an inherently dangerous condition (*see Mansueto v Worster*, 1 AD3d 412, 413 [2003]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Schoen v King Kullen Grocery Co.*, 296 AD2d 486 [2002]; *Boehme v Edgar Fabrics*, 248 AD2d 344 [1998]; *cf. Massucci v Amoco Oil Co.*, 292 AD2d 351, 352 [2002]). Contrary to the plaintiff's contention, she failed to submit evidence sufficient to demonstrate that an alleged inadequate lighting condition was a proximate cause of the accident (*see Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Gordon v New York City Tr. Auth.*, 267 AD2d 201, 202 [1999]; *cf. Scher v Stropoli*, 7 AD3d 777 [2004]).

The plaintiff's remaining contention regarding spoliation of evidence is without merit (*see generally Piazza v Great Atl. & Pac. Tea Co.*, 300 AD2d 381, 382 [2002]). Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.