■ ELAINE SMITH, Respondent, v SOUTH BAY HOME ASSOCIATION, INC., Defendant/Third-Party Plaintiff-Respondent-Appellant, and TOWN OF BROOKHAVEN, Appellant-Respondent. CARPET EXPRESS, INC., Third-Party Defendant-Appellant-Respondent. [957 NYS2d 728]—

In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), entered August 26, 2011, as denied its cross motion for summary judgment dismissing the complaint insofar as assert against it, or, in the alternative, for summary judgment on its cross claim seeking common-law indemnification from the defendant South Bay Home Association, Inc., the third-party defendant, Carpet Express, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint, and the defendant/third-party plaintiff, South Bay Home Association, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied its cross motion for summary judgment on its cross claim seeking contractual indemnification from the defendant Town of Brookhaven.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff to the defendant Town of Brookhaven and the defendant/third-party plaintiff, South Bay Home Association, Inc., and one bill of costs payable by the defendant/third-party plaintiff, South Bay Home Association, Inc., to the third-party defendant, Carpet Express, Inc., that branch of the

cross motion of the defendant Town of Brookhaven which was for summary judgment dismissing the complaint insofar as asserted against it is granted, the motion of the third-party defendant, Carpet Express, Inc., for summary judgment dismissing the third-party complaint is granted, the motion of the defendant/third-party plaintiff, South Bay Home Association, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and that branch of the cross motion of the defendant Town of Brookhaven which was for summary judgment on its cross claim seeking common-law indemnification from the defendant/third-party plaintiff, South Bay Home Association, Inc., and the cross motion of the defendant/third-party plaintiff, South Bay Home Association, Inc., for summary judgment on its cross claim seeking contractual indemnification from the defendant Town of Brookhaven are denied as academic.

The plaintiff allegedly fell over a single step while ascending to a stage in a building owned by the defendant/third-party plaintiff, South Bay Home Association, Inc. (hereinafter South Bay), and leased by the defendant Town of Brookhaven. The plaintiff commenced this action against South Bay and the Town, alleging that the carpeting on the step, which was identical to the carpeting on the floor above and below it, created optical confusion, and thereby constituted a dangerous condition. The plaintiff did not allege that the area of the step was inadequately lit, and acknowledged the presence of ceiling lights over that area. South Bay and the Town interposed cross claims against each other for indemnification, and South Bay commenced a third-party action against Carpet Express, Inc. (hereinafter Carpet Express), which installed the subject carpeting, seeking contribution and common-law indemnification.

South Bay and the Town each established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting evidence sufficient to demonstrate that the condition of the step was open and obvious, and not inherently dangerous as a matter of law (*see Schwartz v Hersh*, 50 AD3d 1011 [2008]; *Salerno v Street Retail, Inc.*, 38 AD3d 515 [2007]; *Murray v Dockside 500 Mar., Inc.*, 32 AD3d 832, 832-833 [2006]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of the Town's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, the motion of Carpet Express for summary judgment dismissing the third-party complaint, and

the motion of South Bay for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and should have denied, as academic, that branch of the Town's cross motion which was for summary judgment on its cross claim seeking common-law indemnification from South Bay, and South Bay's cross motion for summary judgment on its cross claim seeking contractual indemnification from the Town. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.