■ JESUS ACOSTA, Appellant, v GOUVERNEUR COURT LIMITED PARTNERSHIP, Respondent, et al., Defendant. [18 NYS3d 865]—

Order, Supreme Court, New York County (Paul J Wooten, J.), entered May 28, 2014, which, to the extent appealed from as limited by the briefs, granted defendant Gouverneur Court Limited Partnership's (defendant) motion for summary judgment dismissing the common-law negligence claim asserted against it, unanimously affirmed, without costs.

Plaintiff alleges that he fell in the boiler room of the building where he worked as a maintenance worker when he attempted to back out of a tight area next to the boiler and his pants got caught on a brace or bracket supporting a pipe. Defendant, the owner of the building, established its entitlement to summary judgment by submitting photographic and testimonial evidence showing that the brace or bracket was not a defective condition, but was open and obvious, and not inherently dangerous (*see Villanti v BJ's Wholesale Club, Inc.*, 106 AD3d 556 [1st Dept 2013]; *Schulman v Old Navy/Gap, Inc.*, 45 AD3d 475 [1st Dept 2007]). The condition, as shown in the photographs, was "plainly observable and did not pose any danger to someone making reasonable use of his or her senses" (*Boyd v New York City Hous. Auth.*, 105 AD3d 542, 543 [1st Dept 2013] [internal quotation marks omitted]).

In opposition, plaintiff failed to raise a triable issue of fact. Although he did not see the brace or bracket when he was backing up, it was not hidden or obscured from view and thus did not constitute a trap or snare (*see Villanti* at 557). Contrary to plaintiff's arguments, defendant was not required to present expert testimony to meet its initial burden, and the issue of notice is irrevelant since there was no defective or dangerous condition in the boiler room. Concur—Tom, J.P., Saxe, Richter and Gische, JJ.