■ ANNETTE BROTHERS et al., Respondents, v 574 9TH AVE. REST. CORP., Doing Business as DAVE'S TAVERN, et al., Appellants. [34 NYS3d 426]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered October 22, 2015, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The testimony of defendant bar proprietor that he personally

inspected the bathrooms and areas outside the bathrooms, just 20 to 30 minutes prior to plaintiff Annette Brothers' slip and fall outside the women's bathroom, and that he found the floor to be clean, dry and free of debris, established prima facie that defendants lacked actual or constructive notice of the alleged watery, debris-strewn condition on which Brothers fell (*see e.g. Green v Gracie Muse Rest. Corp.*, 105 AD3d 578 [1st Dept 2013]).

In opposition, plaintiffs submitted deposition testimony of themselves and several other witnesses, to the effect that there was an appreciable amount of dirty water from the women's room, together with a significant amount of debris from such bathroom, tracked over a large area just outside the women's bathroom. Such evidence raised triable issues as to whether the alleged hazardous condition existed for a sufficient length of time for the bar's multiple employees to have a reasonable opportunity to discover it and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]), as well as credibility issues among all of the witnesses (*see e.g. Best v 1482 Montgomery Estates, LLC*, 114 AD3d 555 [1st Dept 2014]). It is further noted that the video footage from the bar's surveillance camera does not afford definitive resolution of the condition of the floor. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.