■ THOMAS BARAKOS, Respondent, v OLD HEIDELBERG CORP., Individually and Doing Business as HEIDELBERG RESTAURANT, et al., Appellants. [43 NYS3d 324]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 24, 2016, which, insofar as appealed from as limited by the briefs, upon renewal, denied de-

fendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants established entitlement to judgment as a matter of law in this action where plaintiff alleges that he tripped over a step covered in dark carpet, while exiting defendants' restaurant. Defendants submitted deposition testimony and photographs showing that, if such a step existed, it was an open and obvious condition and not inherently dangerous (*see Burke v Canyon Rd. Rest.*, 60 AD3d 558 [1st Dept 2009]). Plaintiff testified that he was aware that the step was there from his prior visits, and that he tripped because he was raising his right foot to the top part of the step, but his foot was not raised high enough. Plaintiff also acknowledged that he was looking outside as he walked toward the step, that there was a recessed light in the step area, and that he could see where he was going as he left the dining area.

In opposition, plaintiff failed to raise an issue of fact. Furthermore, plaintiff did not allege, and offered no evidence to show, that the step or lighting violated applicable Building Code provisions or accepted standards, or that handrails were required (*compare Auliano v 145 E. 15th St. Tenants Corp.*, 129 AD3d 469 [1st Dept 2015]). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.