# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**122**

**CA 15-01336**

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

JOSEPH W. SLATTERY, AS EXECUTOR OF THE ESTATE
OF JOAN M. SLATTERY, DECEASED, PLAINTIFF-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

TOPS MARKETS, LLC, DEFENDANT-APPELLANT.

---

KENNEY, SHELTON, LIPTAK, NOWAK, LLP, BUFFALO (MELISSA A. FOTI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, BUFFALO (BRIAN HOGAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 1, 2015 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: In this action, plaintiff seeks damages for injuries sustained by Joan M. Slattery (decedent) when she allegedly tripped and fell on a rug entering defendant's store. We agree with defendant that Supreme Court erred in denying its motion seeking summary judgment dismissing the complaint.

Although the issue "whether a certain condition qualifies as dangerous or defective is usually a question of fact for the jury to decide . . . , summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (*Przybyszewski v Wonder Works Constr*., 303 AD2d 482, 483; *see Bishop v Marsh*, 59 AD3d 483, 483; *Mullaney v Koenig*, 21 AD3d 939, 939). Here, defendant established its entitlement to judgment as a matter of law by showing that the rug it placed in the entranceway to the store did not constitute a dangerous or defective condition (*see Jacobsohn v New York Hosp*., 250 AD2d 553, 553-554). Defendant's submissions, which included the deposition testimony of decedent and photographs of the rug, established that the rug had been laid flat over a "recessed mat system" at the entrance to the store, and decedent did not see anything wrong with the rug before she fell (*see Leib v Silo Rest., Inc*., 26 AD3d 359, 360; *Londner v Big V Supermarkets*, 309 AD2d 1122,

1123).  Those submissions established that decedent simply tripped over the rug, not because of a defect or irregularity in the rug, but because her foot picked up the edge of the rug (*see Jacobsohn*, 250 AD2d at 554).

In opposition, plaintiff failed to raise a triable issue of fact. We agree with defendant that the affidavit of plaintiff's expert is speculative and conclusory (*see e.g. Ciccarelli v Cotira, Inc.*, 24 AD3d 1276, 1277; *Phillips v McClennan St. Assoc.*, 262 AD2d 748, 749-750).  In his affidavit, the expert opined that the placement of the rug over the recessed mat system caused a tripping hazard inasmuch as the rug was "not designed to be used over another carpet or the recessed mat system but on a flat, level and flush floor."  Although the rug may not have been designed to be placed over another rug or the recessed mat system, the video of the incident, which was submitted in opposition to the motion, shows that decedent tripped over the front edge of the rug.  There is no indication that the rug slipped, and there is no record evidence that the rug constituted a defective or dangerous condition at the time of the fall.  We conclude that "the mere placement of the [rug] by the front door of the defendant's premises was not an inherently dangerous condition" (*Leib*, 26 AD3d at 360).  We note in any event that the affidavit of plaintiff's expert was based on his examination of the area where decedent fell approximately 2½ years after the accident and thus is insufficient to raise a triable issue of fact with respect to the condition of that area at the time of decedent's fall (*see Ferington v Dudkowski*, 49 AD3d 1267, 1268).

In view of our determination, we do not address defendant's alternative contentions.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court