# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**191**
**CA 16-01263**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

GERALD LANGGOOD, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

CARROLS, LLC, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRANDON KING OF COUNSEL), FOR DEFENDANT-APPELLANT.

FUHRMAN LAW, ORCHARD PARK (SHANNON S. FUHRMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Mark A. Montour, J.), entered February 25, 2016. The order denied the motion of defendant Carrols, LLC, for summary judgment.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted and the complaint against defendant Carrols, LLC is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he allegedly tripped and fell on a rug while he was entering a restaurant owned and operated by Carrols, LLC (defendant). We agree with defendant that Supreme Court erred in denying its motion seeking summary judgment dismissing the complaint against it. We therefore reverse the order, grant defendant's motion, and dismiss the complaint against defendant. Although the issue "whether a certain condition qualifies as dangerous or defective is usually a question of fact for the jury to decide . . . , summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (*Przybyszewski v Wonder Works Constr*., 303 AD2d 482, 483; *see Bishop v Marsh*, 59 AD3d 483, 483; *Mullaney v Koenig*, 21 AD3d 939, 939). Here, defendant established its entitlement to judgment as a matter of law by submitting evidence that the placement of the rug in the vestibule of the restaurant did not constitute a dangerous condition, and in opposition plaintiff failed to raise a triable issue of fact (*see Leib v Silo Rest., Inc*., 26 AD3d 359, 360; *Mansueto v Worster*, 1 AD3d 412, 413; *Jacobsohn v New York Hosp*., 250 AD2d 553, 553-554).

We respectfully disagree with our dissenting colleague that defendant failed to meet its initial burden because it submitted the

deposition testimony of plaintiff who testified that he fell when his right foot went "underneath something" and that he saw the rug "kind of flapped over" after he fell. In our view, defendant satisfied its initial burden inasmuch as the videotape of the accident shows that the rug was flush to the floor, and other patrons of defendant's restaurant walked over the rug without an issue. Thus, plaintiff tripped over the rug because his foot picked up the edge of the rug and caused his fall, and not because there was a ripple in the rug or because any portion of the rug was raised off of the ground (*see Jacobsohn*, 250 AD2d at 554).

Although we agree with the dissent that defendant failed to establish as a matter of law that plaintiff's inattention was the sole proximate cause of his fall, we conclude that defendant established as a matter of law that the alleged defect created by the placement of a rug in the vestibule and any apparent height differential between the rug and the floor "is too trivial to be actionable" (*Sharpe v Ulrich Dev. Co., LLC*, 52 AD3d 1319, 1320). "[T]he test established by the case law in New York is not whether a defect is *capable* of catching a pedestrian's shoe. Instead, the relevant questions are whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 80; *see Stein v Sarkisian Bros., Inc.*, 144 AD3d 1571, 1572). Defendant's submissions established that the accident occurred between approximately 10:00 and 10:30 a.m., when it was "bright enough to see." Plaintiff was entering defendant's restaurant behind his son, and there were no other customers in the vicinity. The photograph submitted by defendant depicting the rug does not reveal any defect or irregularity with the rug, and the videotape of the incident shows that the area where plaintiff fell was unobstructed, no other patrons had an issue traversing through the doors and over the rug, and there was no appreciable ripple or other height differential present in the rug to cause a tripping hazard. Thus, after examining the photograph and the video depicting the placement of the rug in the vestibule, and " 'in view of the time, place, and circumstances of plaintiff's injury,' " we conclude that defendant established as a matter of law that any defect in the rug was too trivial to be actionable (*Germain v Kohl's Corp.*, 96 AD3d 1474, 1475), and plaintiff in opposition failed to raise a triable issue of fact.

All concur except WHALEN, P.J., who dissents and votes to affirm in the following memorandum: I respectfully dissent. Contrary to the conclusion of the majority, I conclude that Carrols, LLC (defendant) failed to meet its initial burden of establishing as a matter of law that the rug on which plaintiff allegedly tripped was not in an unreasonably dangerous condition (*see Grefrath v DeFelice*, 144 AD3d 1652, 1653; *Muto v Roman Catholic Church of St. John the Evangelist*, 68 AD3d 1789, 1789; *cf. O'Rourk v Menorah Campus, Inc.*, 13 AD3d 1154, 1154). " '[W]hether a dangerous or defective condition exists on the property of another so as to create liability . . . is generally a question of fact for the jury' " (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77, quoting *Trincere v County of Suffolk*, 90 NY2d 976, 977). In support of its motion, defendant submitted plaintiff's

deposition testimony in which he testified that he fell when his right foot went "underneath something," and that he saw the rug "kind of flapped over" after he fell. Affording plaintiff the benefit of every reasonable inference (*see Williams v Jones*, 139 AD3d 1346, 1348; *see generally Vega v Restani Constr. Corp.*, 18 NY3d 499, 503), I conclude that his testimony raised a question of fact whether the rug was partially elevated off the floor and thus created an unreasonably dangerous condition (*see Camizzi v Tops, Inc.*, 244 AD2d 1002, 1002; *cf. Jacobsohn v New York Hosp.*, 250 AD2d 553, 554; *see generally Luciano v Niagara Frontier Vocational Rehabilitation Ctr.*, 255 AD2d 974, 974).

I cannot agree with the majority's conclusions that "plaintiff tripped over the rug because his foot picked up the edge of the rug and caused his fall, and not because there was a ripple in the rug or because any portion of the rug was raised off the ground," and that "there was no appreciable ripple or other height differential present in the rug to cause a tripping hazard." Adopting those conclusions "requires the resolution of factual inferences in favor of defendant[], which is improper on a motion for summary judgment" (*Morris v Lenox Hill Hosp.*, 232 AD2d 184, 185, *affd* 90 NY2d 953). In my view, the photograph of the rug and the videotape of the accident submitted in support of defendant's motion did not conclusively demonstrate either the absence of any dangerous condition (*see Brothers v 574 9th Ave. Rest. Corp.*, 140 AD3d 512, 513; *Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d 1012, 1012; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654, 655), or that the alleged dangerous condition was too trivial to be actionable (*see Greco v City of Buffalo*, 128 AD3d 1461, 1462-1463; *McFadden v New Castle Hotel, LLC*, 101 AD3d 1767, 1768; *cf. Germain v Kohl's Corp.*, 96 AD3d 1474, 1474-1475; *see generally Hutchinson*, 26 NY3d at 77-79). Finally, I conclude that defendant failed to establish as a matter of law that plaintiff's inattention was the sole proximate cause of his fall (*see Grefrath*, 144 AD3d at 1654). I would therefore affirm the order denying defendant's motion for summary judgment dismissing the complaint against it.

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court