Whalen, P.J.
(dissenting). I respectfully dissent. Contrary to the conclusion of the majority, I conclude that Carrols, LLC (defendant) failed to meet its initial burden of establishing as a matter of law that the rug on which plaintiff allegedly tripped was not in an unreasonably dangerous condition (see Grefrath v DeFelice, 144 AD3d 1652, 1653 [2016]; Muto v Roman Catholic Church of St. John the Evangelist, 68 AD3d 1789, 1789 [2009]; cf. O’Rourk v Menorah Campus, Inc., 13 AD3d 1154, 1154 [2004]). “ ‘[W]hether a dangerous or defective condition exists on the property of another so as to create liability ... is generally a question of fact for the jury’ ” (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015], quoting Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). In support of its motion, defendant submitted plaintiff’s deposition testimony in which he testified that he fell when his right foot went “underneath something,” and that he saw the rug “kind of flapped over” after he fell. Affording plaintiff the benefit of every reasonable inference (see Williams v Jones, 139 AD3d 1346, 1348 [2016]; see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), I conclude that his testimony raised a question of fact whether the rug was partially elevated off the floor and thus created an unreasonably dangerous condition (see Camizzi v Tops, Inc., 244 AD2d 1002, 1002 [1997]; cf. Jacohsohn v New York Hosp., 250 AD2d 553, 554 [1998]; see generally Luciano v Niagara Frontier Vocational Rehabilitation Ctr., 255 AD2d 974, 974 [1998]).
I cannot agree with the majority’s conclusions that “plaintiff tripped over the rug because his foot picked up the edge of the rug and caused his fall, and not because there was a ripple in *1737 the rug or because any portion of the rug was raised off the ground,” and that “there was no appreciable ripple or other height differential present in the rug to cause a tripping hazard.” Adopting those conclusions “requires the resolution of factual inferences in favor of defendant! ], which is improper on a motion for summary judgment” (Morris v Lenox Hill Hosp., 232 AD2d 184, 185 [1996], affd 90 NY2d 953 [1997]). In my view, the photograph of the rug and the videotape of the accident submitted in support of defendant’s motion did not conclusively demonstrate either the absence of any dangerous condition (see Brothers v 574 9th Ave. Rest. Corp., 140 AD3d 512, 513 [2016]; Jordan v Juncalito Abajo Meat Corp., 131 AD3d 1012, 1012 [2015]; Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655 [2014]), or that the alleged dangerous condition was too trivial to be actionable (see Greco v City of Buffalo, 128 AD3d 1461, 1462-1463 [2015]; McFadden v New Castle Hotel, LLC, 101 AD3d 1767, 1768 [2012]; cf. Germain v Kohl’s Corp., 96 AD3d 1474, 1474-1475 [2012]; see generally Hutchinson, 26 NY3d at 77-79). Finally, I conclude that defendant failed to establish as a matter of law that plaintiffs inattention was the sole proximate cause of his fall (see Grefrath, 144 AD3d at 1654). I would therefore affirm the order denying defendant’s motion for summary judgment dismissing the complaint against it.
Present — Whalen, P.J., Centra, DeJoseph, NeMoyer and Troutman, JJ.