■ CAROL FABER et al., Respondents, v THE PLACE FURNITURE, INC., Doing Business as THE PLACE FURNITURE GALLERIES, et al., Appellants. [65 NYS3d 698]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered November 7, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendants established prima facie entitlement to summary judgment based on evidence that the single eight inch step onto the furniture display platform in defendants' showroom—on which plaintiff wife tripped—was an illuminated, open and obvious condition which was readily observable by reasonable use of one's senses (*Schwartz v Kings Third Ave. Pharmacy, Inc.*, 116 AD3d 474 [1st Dept 2014]; *Barakos v Old Heidelberg Corp.*, 145 AD3d 562 [1st Dept 2016]; *Acosta v Gouverneur Ct. L.P.*, 133 AD3d 470 [1st Dept 2015]). Plaintiff wife, together with her family, had navigated the single step onto the furniture display platforms earlier that shopping day, and also during an uneventful visit to the same showroom just a few weeks prior to the date of her accident. There was no evidence to indicate that the single step, in its design, placement and maintenance, was inherently dangerous, and the defendants' use of warning signs to give notice of the step's presence did not, standing alone, render the steps unsafe.

Plaintiffs have not presented any proof that negligence on the part of defendants in the design, construction or maintenance of the subject step contributed to her fall, or that alleged showroom distractions support grounds to find liability on defendants' part under the circumstances presented (*see generally Franchini v American Legion Post*, 107 AD3d 432 [1st Dept 2013]).

The burden having shifted to plaintiffs on the motion, we find their evidence in opposition failed to raise a triable issue of fact. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.