Bennett v State of New York (2018 NY Slip Op 04212)





Bennett v State of New York


2018 NY Slip Op 04212


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


700 CA 18-00055

[*1]MARLON BENNETT, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 124031.) 






FRANZBLAU DRATCH, P.C., NEW YORK CITY (BRIAN M. DRATCH OF COUNSEL), FOR CLAIMANT-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered March 7, 2017. The order granted the motion of defendant for summary judgment and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the claim is reinstated.
Memorandum: Claimant, a former prison inmate, filed this claim to recover damages for injuries that he sustained when he allegedly fell as a result of a dangerous condition on a walkway at the correctional facility where he had been incarcerated. The Court of Claims granted defendant's motion for summary judgment dismissing the claim. That was error.
We agree with claimant that the court erred in granting the motion upon concluding that the alleged defect was trivial as a matter of law. In seeking summary judgment on that ground, defendant was required to "make a prima facie showing that the defect [was], under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances [did] not increase the risks it pose[d]" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]; see Clauss v Bank of Am., N.A., 151 AD3d 1629, 1631 [4th Dept 2017]). "[P]hysically small defects [are] actionable when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (Hutchinson, 26 NY3d at 79; see Langgood v Carrols, LLC, 148 AD3d 1734, 1735 [4th Dept 2017]). For example, physically small defects have been found to be actionable due to the presence of other defects in the surrounding area (see Hutchinson, 26 NY3d at 78, citing Young v City of New York, 250 AD2d 383, 384 [1st Dept 1998]). Moreover, the Court of Appeals has cautioned that "a mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable" (Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]; see Lupa v City of Oswego, 117 AD3d 1418, 1419 [4th Dept 2014]).
Even assuming, arguendo, that defendant met its burden of demonstrating that the defect was trivial as a matter of law, we conclude that claimant raised an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In claimant's deposition testimony, which defendant submitted in support of the motion, claimant testified that he was proceeding along a walkway from the housing area to the commissary. It had rained, and a large puddle of water had accumulated on the walkway. Claimant attempted to step over the flooded portion of the walkway, but his foot came down on a portion of the walkway that was cracked and damaged. The concrete shifted under his foot, causing him to lose his balance, and he fell. In opposition, claimant submitted the deposition testimony of two correction officers who testified that inmates are required to use the walkway and are prohibited from stepping on the grass. One [*2]of those correction officers testified that he had to step around the puddle in the past, but he could not recall whether he avoided it by stepping on the grass. Viewing the facts and surrounding circumstances in the light most favorable to claimant (see Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105 [2017]), we conclude that there is an issue of fact whether the walkway was "difficult to traverse safely on foot" (Hutchinson, 26 NY3d at 79).
We also agree with claimant that defendant failed to meet its burden of establishing that it lacked actual or constructive notice of the allegedly dangerous condition (see Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505 [4th Dept 2015]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]), and thus that the court erred in granting defendant's motion on that alternative ground. In support of the motion, defendant submitted the affidavit of a correction officer who had worked at the prison for the prior 27 years. The correction officer averred that he was familiar with the walkway and its condition before claimant fell, that the concrete was broken and uneven, and that water can gather there after it rains, but he did not consider the condition to be dangerous. Furthermore, the correction officer averred that he periodically walked the premises to look for anything in need of repair, and claimant testified at his deposition that the walkway was cracked prior to his arrival at the prison and that it flooded every time it rained.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court