Sprott v IKEA N.Y., LLC (2019 NY Slip Op 01117)





Sprott v IKEA N.Y., LLC


2019 NY Slip Op 01117


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-06306
 (Index No. 500535/14)

[*1]Esther Sprott, respondent-appellant, 
v
IKEA New York, LLC, et al., appellants-respondents, et al., defendants.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick, Todd R. Harris, and Dmitriy Chernyy of counsel), for appellants-respondents.
Eric Turkewitz, New York, NY, for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants IKEA New York, LLC, IKEA Property, Inc., IKEA Indirect Material and Services, LLC, IKEA Holdings US, Inc., and 1 Beard Street, LLC, appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 19, 2017. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied the plaintiff's cross motion to impose sanctions on those defendants for spoliation of evidence.
ORDERED that the order is reversed insofar as appealed from, on the law, and the motion of the defendants IKEA New York, LLC, IKEA Property, Inc., IKEA Indirect Material and Services, LLC, IKEA Holdings US, Inc., and 1 Beard Street, LLC, for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants IKEA New York, LLC, IKEA Property, Inc., IKEA Indirect Material and Services, LLC, IKEA Holdings US, Inc., and 1 Beard Street, LLC.
The plaintiff allegedly was injured when she tripped and fell on a rug while shopping in a store owned and/or operated by the defendants IKEA New York, LLC, IKEA Property, Inc., IKEA Indirect Material and Services, LLC, IKEA Holdings US, Inc., and 1 Beard Street, LLC (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved to impose sanctions on the defendants for spoliation of evidence based on the defendants' failure to preserve the rug. The Supreme Court denied the defendants' motion and the plaintiff's cross motion. The defendants appeal and the plaintiff cross-appeals.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the rug was not an inherently dangerous condition and was readily observable by the reasonable use of the plaintiff's senses (see Sosa v RS 2001, Inc., 106 AD3d 720; [*2]Leib v Silo Rest., Inc., 26 AD3d 359; Mansueto v Worster, 1 AD3d 412; Christopher v New York City Tr. Auth., 300 AD2d 336; Schoen v King Kullen Grocery Co., 296 AD2d 486). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see Alvarez v Prospect Hosp., 68 NY2d 320).
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to sanction the defendants for spoliation of evidence. The plaintiff did not establish that the defendants failed to preserve crucial evidence after being placed on notice that such evidence might be needed for future litigation (see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 594; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1033-1034; Leevson v Bay Condos, LLC, 67 AD3d 972, 973; Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726, 727).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court