McFeely v Mercy Hosp. of Buffalo & Catholic Health Sys., Inc. (2019 NY Slip Op 08030)





McFeely v Mercy Hosp. of Buffalo & Catholic Health Sys., Inc.


2019 NY Slip Op 08030


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


925 CA 19-00522

[*1]ANN MCFEELY, PLAINTIFF-RESPONDENT,
v
MERCY HOSPITAL OF BUFFALO AND CATHOLIC HEALTH SYSTEM, INC., DEFENDANTS-APPELLANTS. 






STILLWELL MIDGLEY, PLLC, BUFFALO (DAVID M. STILLWELL OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
JOSEPH E. DIETRICH, III, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered December 21, 2018. The order, insofar as appealed from, denied defendants' motion for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she fell while walking down a stairway located on premises owned by defendants. Defendants appeal from an order that, inter alia, denied their motion for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). "Although the issue whether a certain condition qualifies as dangerous or defective is usually a question of fact for the jury to decide . . . , summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (Langgood v Carrols, LLC, 148 AD3d 1734, 1734-1735 [4th Dept 2017] [internal quotation marks omitted]; see Slattery v Tops Mkts., LLC, 147 AD3d 1504, 1504 [4th Dept 2017]; Przybyszewski v Wonder Works Constr., 303 AD2d 482, 483 [2d Dept 2003]).
Here, defendants established their entitlement to judgment as a matter of law by submitting plaintiff's deposition testimony, video and photographs of the stairway, and a surveillance video of the accident, which showed that the stairway was not in a dangerous or defective condition at the time of the accident (see Langgood, 148 AD3d at 1735; Barakos v Old Heidelberg Corp., 145 AD3d 562, 563 [1st Dept 2016]; see generally Smith v South Bay Home Assn., Inc., 102 AD3d 668, 669-670 [2d Dept 2013]).
We further conclude that, in opposition, plaintiff failed to raise a triable issue of fact regarding the existence of a dangerous or defective condition because the record does not support her contention that she fell due to "optical confusion" created by the stairway (Smith, 102 AD3d at 669). The surveillance video shows that the stairway was reasonably well lit when plaintiff fell, that plaintiff was aware of the stairway, and that she used a handrail while walking down the stairs, all of which controvert her contention that she was under the illusion that she was traversing a flat surface at the time she fell. Furthermore, plaintiff's testimony that the stairs were the same or similar in color and "blended in together" is insufficient by itself to raise a triable issue of fact whether a dangerous or defective condition existed (see id.; Schwartz v Hersh, 50 AD3d 1011, 1011-1012 [2d Dept 2008]; Murray v Dockside 500 Mar., Inc., 32 AD3d [*2]832, 833 [2d Dept 2006]). Regardless, the surveillance video shows that a black mat was also laid on the floor at the end of the stairway and clearly demarcated the beginning of the floor from the end of the stairway.
Contrary to plaintiff's further contention, we conclude that the alleged defects identified by her "expert in his report were not relevant, as they were not the conditions alleged by . . . plaintiff to have caused her accident" (Jackson v Michel, 142 AD3d 535, 536 [2d Dept 2016]; see Murray, 32 AD3d at 833). Finally, plaintiff's reliance on allegedly similar accidents in the stairwell did not raise an issue of fact because she "failed to show a similarity between the subject accident and the previous accidents" (D'Alfonso v County of Oswego, 198 AD2d 802, 803 [4th Dept 1993]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court