Glosek v Bella Pizza (2020 NY Slip Op 00933)





Glosek v Bella Pizza


2020 NY Slip Op 00933


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


35 CA 19-01270

[*1]PATRICIA GLOSEK, PLAINTIFF-RESPONDENT,
v
BELLA PIZZA, DEFENDANT-APPELLANT. 






WALSH, ROBERTS & GRACE, BUFFALO (KEITH N. BOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROWN CHIARI LLP, BUFFALO (TIMOTHY HUDSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 9, 2019. The order denied the motion of defendant for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly tripped and fell on a rug while walking through a restaurant owned and operated by defendant. We agree with defendant that Supreme Court erred in denying its motion seeking summary judgment dismissing the complaint. We therefore reverse the order, grant the motion, and dismiss the complaint. "Although the issue whether a certain condition qualifies as dangerous or defective is usually a question of fact for the jury to decide . . . , summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous' " (Langgood v Carrols, LLC, 148 AD3d 1734, 1734-1735 [4th Dept 2017]; see Slattery v Tops Mkts., LLC, 147 AD3d 1504, 1504 [4th Dept 2017]). Here, defendant established its entitlement to judgment as a matter of law by submitting evidence that the placement of the rug in the restaurant did not constitute a dangerous condition, and in opposition plaintiff failed to raise a triable issue of fact (see Langgood, 148 AD3d at 1735; Slattery, 147 AD3d at 1504).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court