Jimenez v City of New York (2021 NY Slip Op 01201)





Jimenez v City of New York


2021 NY Slip Op 01201


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 23756/16 Appeal No. 13212 Case No. 2020-03345 

[*1]Jose R. Jimenez, Plaintiff-Appellant,
v
The City of New York et al., Defendants, New York City Housing Authority, Defendant-Respondent.


Law Office of Constantine Fotopoulos, New York (Constantine Fotopoulos of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about February 4, 2020, which granted defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when he leaned against an unlocked gate on property owned and maintained by NYCHA, and the gate swung open and he fell. Plaintiff testified that the presence of the gate was not readily observable because the gate was not sufficiently distinguishable from the adjacent stationary fencing.
Upon our review of the photographic evidence in the record, we conclude that the presence of the unlocked gate was open and obvious to a person making reasonable use of his senses and that, since an unlocked gate is not inherently dangerous, plaintiff's injuries were not caused by any negligent maintenance of its property by NYCHA (see Boyd v New York City Hous. Auth., 105 AD3d 542, 543 [1st Dept 2013], lv denied 22 NY3d 855 [2013]). The gate was not obscured by people, objects, or its location. Moreover, nothing about the gate or the fencing created optical confusion; the gate had characteristics that distinguished it from the surrounding fencing (see Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 599 [1st Dept 2012], lv denied 24 NY3d 907 [2014]; Acosta v Gouverneur Ct. L.P., 133 AD3d 470 [1st Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021